THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRUCE F. NELSON *et al.*, Defendants-Appellants.

(No. 73-297; )

Third District—April 16, 1974.

James J. Reese, of Blodgett & Reese, of Rock Falls, for appellants.

Russ Wills, Assistant State's Attorney, of Morrison, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendants Bruce F. Nelson and Randy T. Scott appeal from a judgment of conviction of drag racing (Ill. Rev. Stat. 1971, ch. 95½, par. 11—504) entered in the Circuit Court of Whiteside County. A $100 fine and costs were assessed against each defendant.

A Whiteside County Deputy Sheriff, on January 5, 1973, filed charges of drag racing against defendants. From the record it appears that the trial was set for February 21, 1973, and that no prosecution witnesses appeared. Defendants moved to dismiss the cases, and the trial court granted such motions after denying a prosecution motion for continuance. On April 12, 1973, however, the State refiled the same charges. Defen-

dants moved to dismiss such charges on the ground that there had been a prior adjudication in favor of defendants as a result of the proceedings on February 21, 1973, and that further prosecution on such charges could not be maintained. The court denied defendants' motion. On May 2, 1973, a bench trial was held and the court found defendants guilty and imposed a fine against each of them as indicated. The statute, pursuant to which they were prosecuted, also provides that each defendant so convicted of violating the Act would suffer a revocation of each defendant's operator's license. (Ill. Rev. Stat. 1971, ch. 95½, par. 11—504.) Defendants filed post-trial motion for judgment notwithstanding the verdict, based upon the disposition of the original charges on February 21, 1973.

Defendants on appeal now argue that the trial court, in violation of Illinois Supreme Court Rule 504 (Ill. Rev. Stat. 1971, ch. 110A, par. 504), erred in overruling their motions to dismiss the charges which were filed on April 12, 1973, and they also state that the evidence on the hearing of the April 12, 1973, charges was insufficient to prove the guilt of defendants beyond a reasonable doubt.

Illinois Supreme Court Rule 504 referred to specifically provides, "[T]he dates set by the arresting officer for a defendant's appearance in court shall not be less than 10 days but within 45 days after the arrest, whenever practicable. It is the policy of this Court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted *a trial on the merits* on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, should not normally be considered good cause for continuance." (Emphasis added.)

It is asserted by the State that uniform traffic complaints were served on defendants at the time of their arrest on January 5, 1973, which set an appearance day of January 25, 1973. It is asserted that on that date both defendants appeared and entered oral pleas of not guilty and requested a bench trial and that on January 31, defendants filed a notice of intention to plead not guilty. It is asserted that a bench trial was set for February 7, 1973, and that on the failure of defendants to appear on such date, the cases were continued to February 21, 1973. It is conceded that on February 21, 1973, the date set for trial, defendants appeared. The prosecution sought a continuance asserting that the notice addressed to the arresting officer contained an incorrect date. Such motion for continuance was denied and the court ordered a dismissal of the complaints. It is contended by the State that Rule 504 does not apply because defendants failed to demand a trial at their initial scheduled court appearance and failed to appear on the first scheduled trial date

but finally appeared for a trial on what was stated to be the third setting of the case. It is the contention of the State that the court was, therefore, free to entertain the charges against defendants despite Supreme Court Rule 504 referred to. Although the record fails to indicate some of the material facts alleged by the State, we conclude that subsequent prosecution should have been barred by Supreme Court Rule 504 and that, therefore, the trial court should have granted the defendants' motions for judgment filed by defendants at the close of the proceedings in the trial court.

■■ The obvious policy objective underlying the Illinois Supreme Court Rules 504 and 505 is expressly indicated in the Rules, and its stated purpose is to avoid subjecting accused persons, in traffic and conservation cases, to multiple court appearances, and, as a means to that end, to allow an accused to have a disposition *on the merits* of the charge on the date first set for the trial actually to occur. This disposition is to occur, according to Rule 504, on the date set forth in the citation, unless, according to Rule 505, the accused files a notice of intention to plead not guilty, and, if he wishes, to demand a trial by jury. In either of the cases, a disposition on the merits, according to Rule 505, shall be on the new appearance or trial date set by the court according to such Rule. The objective of the Supreme Court Rules, as expressly stated in Rule 504, is to provide for a disposition "on the merits". A mere dismissal of the charges, with the right of the State to reinstate them at some time subsequently, would not be a disposition "on the merits" within the meaning of Rule 504. Such a disposition would be contrary to the policy expressed in the Supreme Court Rules.

■■ In applying the objectives of the Supreme Court Rules as best we are able with respect to the case at bar, we find that on initial appearance fixed for January 25, 1973, if defendants had not proceeded in accordance with Rule 505, defendants would have been entitled to a "trial on the merits" at such time. On January 25, 1973, defendants, however, entered oral pleas of not guilty and on January 31, 1973, filed notice of intention to so plead contemplated by Rule 505. As of January 25, 1973, the trial date had been set for February 7. The notice-giving procedure of Rule 505 contemplates, however, that new trial date be set after these notices are filed. This explains and apparently excuses defendants' failure to appear on February 7, since defendants and the court then knew that a new trial date would be required to be set. The specified new date was February 21, 1973, and on that date defendants were entitled to a disposition "on the merits", if the objectives of the Supreme Court Rules were to be carried into effect. As we view the Rules it was intended that the disposition on the merits contemplated by Rule 504

was to be a final disposition of the charges. Since the prosecution witnesses did not appear on February 21, 1973, the proper disposition on that date should have been a dismissal of the charges without any right in the State subsequently to reinstate them. As we have indicated, the court denied a motion of the State for a continuance and dismissed the charges. In view of such proceedings, we believe that the trial court improperly permitted the State to proceed with the same charges as refiled on April 12, 1973.

We are mindful that defendants did not comply strictly with the requirements of Rule 505 in tendering the required notices at least 5 days before the day originally set for their appearance. The court, however, accepted the notices and defendants' pleas when they were tendered and, in conformity with Rule 505, it set a new date for trial. We conclude, therefore, that defendants were entitled to a disposition on the merits on the trial date set of February 21, 1973, which we consider to be the date and time for appearance referred to in Supreme Court Rule 505.

We are aware of the case of *People v. Lamb*, 6 Ill.App.3d 568, 286 N.E.2d 37, in which the court indicated that granting a new trial was not an "acquittal" and, also, of *People v. Rinks*, 80 Ill.App.2d 152, 224 N.E.2d 29, in which the court indicated that dismissal for want of prosecution would not establish a basis for a plea of double jeopardy in a subsequent proceeding. If there were no Supreme Court Rules 504 and 505 and the facts were as appear in the cause before us, we might find the *Rinks* case a precedent to follow. We do not believe, however, that Supreme Court Rules 504 and 505, designed to apply to traffic and conservation cases, can be disregarded. We have before us Supreme Court Rules which expressly state objectives not governed by the cases to which we have referred or the provisions of section 3—4 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, § 3—4).

As indicated, the objective of the Supreme Court Rules was to implement the policy of the court to the effect that the accused who appears and pleads not guilty to an alleged traffic or conservation offense should be granted a "trial on the merits" on the appearance or trial date set. If we were to construe such Rules in the manner contended for by the State, then the Rules would become meaningless, since a dismissal for failure of the State to proceed at the time hearing is set, would simply mean that the State could refile the same charge repeatedly and force a defendant to come into court again and again on each occasion when the charge is refiled, until finally the cause is disposed of through trial. This was obviously not the objective of the Rules, and consistent construction requires that we find that defendants who appear and plead not guilty to traffic or conservation offenses referred to are to be granted,

effectively, a disposition on the merits on the appearance date if they are ready for trial. As applied to the cause before us, we conclude that if the State does not present any evidence at such time and the trial court does not grant a continuance to the State, the disposition by the trial court should be on the merits, and such disposition and dismissal should prevent any subsequent prosecution on the same charge by the State. As a *caveat*, we specify that this procedure would not be applicable to causes other than those specifically provided for in the Supreme Court Rules, and that the application of this particular construction is limited to traffic and conservation cases as noted in the Rules.

The State contends that the provisions of section 3—4 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, § 3—4) should apply to the question before the court, and that the test of whether the motion to dismiss should have been granted in the second proceeding should meet the specific provisions of such Act. As we have indicated in the course of this opinion, such construction would nullify Supreme Court Rules 504 and 505 which were intended to be applicable to proceedings in traffic and conservation cases referred to. No appeal was taken by the State from the disposition of the case by dismissal in the initial proceeding (February 21, 1973) or from the failure of the trial court to grant a continuance to the State at such time.

For the reasons stated, therefore, we believe that the action of the trial court should be reversed and the judgment entered as against defendants should be vacated, for the reason that the judgment of dismissal entered by the trial court on February 21, 1973, was a final disposition on the merits by reason of the failure of the prosecution to proceed with evidence to support the charge filed in such cause. The subsequent proceedings on the same charges filed on April 12, 1973, were barred by the final disposition of such charges on February 21, 1973.

By reason of our disposition of this cause we find it unnecessary to discuss the issue of reasonable doubt also raised by defendants.

This cause is, therefore, reversed and the judgment of conviction of drag racing entered as against defendants Bruce F. Nelson and Randy T. Scott is herewith vacated.

Reversed and judgment vacated.

STOUDER and DIXON, JJ., concur.