THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
THOMAS J. KENNEY, Defendant-Appellee.

Second District (1st Division)   No. 75-464

Opinion filed July 15, 1976.

Peter J. Woods, State's Attorney, of Oregon (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

No appearance for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The State appeals from an order which dismissed a renewed charge of reckless driving brought against defendant under a Uniform Traffic Complaint (Ill. Rev. Stat. 1973, ch. 95½, par. 11—503) after a prior dismissal for want of prosecution. The State contends that the trial court did not have authority to dismiss the original complaint because the

State's Attorney failed to appear on time and therefore that the refiled complaint did not place defendant in double jeopardy.

The original charge had been finally set for trial on August 8, 1975, upon defendant's plea of not guilty. The cause was dismissed at approximately 2:20 p.m. or 2:30 p.m. on August 8 when the State's Attorney had failed to appear at the traffic call which began at 2 p.m. The transcript of the first dismissal is before this court on stipulation although no appeal was taken from the order of dismissal. It discloses that the clerk advised the judge that the State's Attorney had called and was on his way; the judge noted that it was 16 minutes past the hour of 2 o'clock; he invited a motion to dismiss in another traffic case and a few minutes later accepted a motion to dismiss made by defendant's attorney. The record shows that the State's Attorney arrived at approximately 2:30 p.m. and that he responded for trial in another case. There is no showing that he either inquired as to the disposition of the Kenney case or that the court advised him of the dismissal.

The arresting officer filed another reckless driving charge at an unspecified later time on the same August 8 date. The dismissal of this second complaint on the grounds of double jeopardy is the basis of the State's appeal.

The trial judge in a memorandum opinion held that under *People v. Nelson,* 18 Ill. App. 3d 628 (1974), the prior dismissal of a traffic complaint for want of prosecution precludes renewed prosecution for the same traffic offense under the terms of Supreme Court rule 504 (Ill. Rev. Stat. 1973, ch. 110A, par. 504).[1]

The State contends that Supreme Court Rule 504 applies only to situations, as in *Nelson,* in which prosecuting witnesses are not present at the commencement of the court call and does not give authority to dismiss for want of prosecution for the absence of the State's Attorney. The State argues that *Nelson* is therefore distinguishable because the record supports an inference that the arresting officer was present in court on the trial date. It argues that the trial court had no authority to dismiss on the basis of Rule 504, had no other authority to dismiss the complaint for want of prosecution (citing *People v. Thomas,* 24 Ill. App. 3d 907 (1975); *People v. Hoover,* 12 Ill. App. 3d 25 (1973); *People v. Guido,* 11 Ill. App. 3d 1067 (1973)), and thus that a renewed charge does not constitute double jeopardy.

■■■ The defendant has not filed a brief in this court nor has he otherwise appeared. We rule on the merits of the case pursuant to the

---

[1] The Rule as applicable states: "It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance." The provisions of Rule 505 are not material here.

directions given in *First Capitol Mortgage Corp. v. Talandis Construction Corp.,* 63 Ill. 2d 128 (1976).

The object of Supreme Court Rule 504 is to avoid subjecting defendants in traffic and conservation cases to multiple court appearances by allowing them to have a final disposition on the merits on the date set for trial on a plea of not guilty. *(People v. Nelson,* 18 Ill. App. 3d 628, 630 (1974).) The spirit of the rule cannot be circumvented by overbroad interpretation of its general terms. *(Village of Park Forest v. Fagan,* 35 Ill. App. 3d 65, 67-68 (1975).) The provisions of the Criminal Code relating to the effect of a former prosecution (Ill. Rev. Stat. 1973, ch. 38, par. 3—4) are not applicable to traffic or conservation cases. *People v. Nelson,* 18 Ill. App. 3d 628 632 (1974).

■■ We conclude that the trial court lacked the general power to dismiss the initial charge for want of prosecution and therefore that no jeopardy attached which prevented the refiling of the charge. (See *People v. Guido,* 11 Ill. App. 3d 1067 (1973). See also *People v. Hoover,* 12 Ill. App. 3d 25, 26 (1973).) Supreme Court Rule 504 does not grant that power. *People v. Nelson,* 18 Ill. App. 3d 628 (1974), which the trial judge principally relied upon in dismissing the original and the refiled charge, is distinguishable. In *Nelson* the prosecution witnesses failed to appear, a cause for dismissal within the express terms of Rule 504. Here the trial judge dismissed the initial charge on the express ground that the prosecutor was not present at the call at the time the case was reached. It is a fair inference from the record that the arresting officer the (the prosecution witness) was present in court at the time. He refiled the complaint on the same date. Therefore the dismissal was within neither the letter or the spirit of Rule 504. In the normal course of the traffic call the defendant would have had his trial on the appointed trial date.[2] To apply Rule 504 to the particular fact situation here would not further the policy behind Rule 504 and would do an injustice to the State.

We therefore reverse the judgment which denied the State the right to refile the charge. We remand with directions to permit refiling and for further proceedings consistent with this opinion.

Reversed and remanded with directions.

GUILD, P. J., and HALLETT, J., concur.

---

[2] Disciplining the prosecutor for discommoding the court by the delay in his arrival would best have been attended to by the judge as a separate matter in our view.