THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JACK CLAEYS, Defendant-Appellee.

Fourth District   No. 13352

Opinion filed December 3, 1976.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Richard J. Wilson and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant was charged by criminal complaint with reckless driving. The trial court dismissed the complaint because of the State's failure to comply with Supreme Court Rule 504. The sole issue on appeal is whether the trial court's dismissal was error.

On February 21, 1975, the defendant was charged with the offense of reckless driving by a criminal complaint, which was signed by a private citizen (Ill. Rev. Stat. 1973, ch. 95½, par. 11—503). Defendant was arrested by a police officer that day and received a copy of the complaint the following day. On the back of the complaint, an officer wrote the date defendant was to appear in court. Defendant appeared on that date (March 26, 1975). The trial court first asked defendant his age and, upon learning that he was 16 years old, appointed the public defender as counsel. No further proceedings took place that day. The docket entry stated that the arraignment was continued to April 15, 1975. On that date defendant appeared with counsel and demanded an immediate trial pursuant to Supreme Court Rule 504. (Ill. Rev. Stat. 1975, ch. 110A, par. 504.) Neither the State nor its witnesses appeared on either March 26, 1975, or April 15, 1975. Nothing in the record reflects that the State had notice of the appointment of the public defender or the continuance to

April 15. On April 30, a hearing was held on the defendant's motion to dismiss. The motion was based on the State's failure to provide defendant with a trial on April 15, 1975. After the hearing, the trial court dismissed the cause and the State has appealed that dismissal.

Supreme Court Rule 504 provides:

> "The date set by the arresting officer for a defendant's appearance in court shall be not less than 10 days but within 45 days after the date of the arrest, whenever practicable. It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance." Ill. Rev. Stat. 1975, ch. 110A, par. 504.

The defendant argues that, in accordance with the policy expressly set out in the Rule and with *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174, the trial court's dismissal was not error. The State argues that Supreme Court Rule 504 does not apply to the facts of this case because the Rule contemplates the vast majority of traffic cases where the arresting officer is the State's chief witness. This contention is supported by the last sentence of Rule 504 which states that, except under specified circumstances, an arresting officer's failure to appear is not cause for a continuance. In the case at bar, a civilian is the complaining witness so that the arresting officer's appearance is not necessary and a criminal complaint, not a uniform traffic citation and complaint was issued. The State argues, essentially, that due to these circumstances, this case should be treated as an ordinary misdemeanor rather than a traffic case under Rule 504.

Defendant cites *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174. In *Nelson*, defendants were charged with drag racing by a deputy sheriff. Uniform traffic complaints were served on defendants at the time of their arrest. Defendants appeared on the date set for their appearance, pleaded not guilty and requested a bench trial. Several days later defendants filed a notice of intention to plead not guilty. A time date had been set for February 7, 1973. Defendants did not appear and a continuance to February 21, 1973, was granted. On that date defendants appeared but the State's witnesses did not. The State requested a continuance because of the absence of its witnesses, the arresting officers, but it was denied and the court dismissed the case. Later the court allowed the State to reinstate the causes and defendants were convicted. On appeal, the appellate court held that Rule 504 required that the charges be dismissed and not reinstated, as the dismissal on February 21

should have been treated as a final disposition on the merits under Rule 504.

*Nelson* is distinguishable from the case at bar. *Nelson* involved a fact situation squarely within the contemplation of Rule 504, namely, a uniform traffic violation where the police officer is the State's chief witness.

Consequently the trial court was in error when it dismissed the cause because of the State's failure to appear on April 15, 1975. The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

CRAVEN, P. J., and REARDON, J., concur.