THE CITY OF BELLEVILLE, Plaintiff-Appellee, *v.* JAY M. WATTS, Defendant-Appellant.

Fifth District    No. 77-423

Opinion filed May 12, 1978.

JONES, J., dissenting.

Jay M. Watts, of Belleville, for appellant, *pro se.*

Patrick M. Flynn, of Belleville, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:
Defendant appeals from a judgment of the circuit court of St. Clair County finding him guilty of violating a speeding ordinance of the city of Belleville.

He contends that the trial court erred in denying his motion to dismiss the proceedings against him which motion was presented by the defendant on the date the traffic ticket issued to him directed him to appear. He relied on Supreme Court Rule 504 (Ill. Rev. Stat. 1977, ch. 110A, par. 504) and section 16—106 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 16—106).

On March 6, 1977, the defendant was issued a traffic ticket by the city of Belleville police department charging him with violation of a local ordinance regulating the speed of motor vehicles on city streets. The ticket directed him to report to the St. Clair County Circuit Court on or before March 24, 1977, to answer the charge against him.

The defendant appeared in court on March 24, 1977, as directed by the appearance date on the traffic ticket and complaint and entered his plea

of not guilty. At that time he also demanded a trial on the merits to be held on that date, March 24, 1977, as is provided in Supreme Court Rule 504. Neither the plaintiff city of Belleville nor the arresting officer was present in court on March 24, 1977. The defendant then moved the court to dismiss the charge against him. The defendant's motion to dismiss was denied by the court by an order entered April 6, 1977.

The cause proceeded to trial before the court on May 6, 1977, at which time the defendant renewed his motion to dismiss. The motion was again denied and after hearing evidence, the court found the defendant guilty and assessed a find of $25 and costs of court.

Supreme Court Rule 504 provides:

"The date set by the arresting officer for a defendant's appearance in court shall be not less than 10 days but within 45 days after the date of the arrest, whenever practicable. It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance." Ill. Rev. Stat. 1977, ch. 110A, par. 504.

At the time of the proceedings in the trial court Supreme Court Rule 505 applied only to the issuance of tickets by the Illinois State Police so the language "[e]xcept as provided in Rule 505" contained in the last sentence of Rule 504 has no application to this case.

Section 16—106 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 16—106) provides:

"[Notice to accused concerning multiple court appearances.] For offenses committed under the provisions of this Act or the ordinances of any municipality or park district which involve the regulation of the ownership, use or operation of vehicles, the police officers * * * of such municipalities * * * shall, when issuing a traffic ticket, * * * in counties other than Cook, also issue written notice to the accused in substantially the following form:

### Avoid Multiple Court Appearances

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury

trial, may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance. Upon timely receipt of notice that the accused intends to plead 'not guilty', the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may, in counties other than Cook, be considered good cause for a continuance."

The only question presented in this case is whether the trial court erred in denying defendant's motion to dismiss on the appearance date set by the arresting officer.

■■ Appellee relies on *Village of Park Forest v. Fagan*, 64 Ill. 2d 264, 356 N.E.2d 59, which held that the time section of Rule 504 was directory and not mandatory. In so holding, the supreme court observed that the violation of this rule would ordinarily not cause any injury to public interest and private rights. The supreme court quoted the following language contained in *Carrigan v. Liquor Control Com.*, 19 Ill. 2d 230, 166 N.E.2d 574:

"Ordinarily a statute which specifies the time for the performance of an official duty will be considered directory only where the rights of the parties cannot be injuriously affected by failure to act within the time indicated. However, where such statute contains negative words, denying the exercise of the power after the time named, or where a disregard of its provision would injuriously affect public interest or private rights, it is not directory but mandatory." (19 Ill. 2d 230, 233.)

The court went on to state that in its opinion the violation of the time portion of the rule would not ordinarily cause injury to public interest or private rights and therefore held the time portion to be directory.

In our opinion the holding in the *Park Forest* case does not support the argument that the remaining portion of Rule 504 is also directory. The language in Rule 504 stating that it is the policy of the supreme court that an accused who pleads not guilty to a traffic offense should be granted a trial on the merits on the appearance date was obviously meant to protect the rights of the public and the rights of individuals. This is made clear by the Committee Comments which discuss the reasons for the adoption of the rule. The Committee Comments to Rule 504, in pertinent part, state:

"Traditionally, and as a matter of practice, in Cook County, if a police officer fails to appear to prosecute his case on the appearance date which he established in the ticket, the case is dismissed for want of prosecution. On the contrary, however,

Paragraph E of the former Supreme Court rule expressly provided that the police officer would not be required to appear on the date he set for defendant's first appearance. Defendants who appeared and pleaded 'not guilty' were instructed that their plea would be entered and, usually, the case was continued to a future date on which the police officer would be required to appear. Some defendants had to make two or more court appearances to answer the same charge. Where a defendant was a resident of a county other than the county in which he was required to appear, he had to travel long distances to make a second appearance on the same charge. The second sentence of this rule is new and sets forth as the policy of the Supreme Court that a defendant who pleads 'not guilty' should be granted a trial on the merits on the date the police officers set for defendant's first court appearance."

We also quote with approval the language contained in *People v. Nelson*, 18 Ill. App. 3d 628, 310 N.E.2d 174:

"The obvious policy objective underlying the Illinois Supreme. Court Rules 504 and 505 is expressly indicated in the Rules, and its stated purpose is to avoid subjecting accused persons, in traffic and conservation cases, to multiple court appearances, and, as a means to that end, to allow an accused to have a disposition *on the merits* of the charge on the date first set for the trial actually to occur.

✽ ✽ ✽

As indicated, the objective of the Supreme Court Rules was to implement the policy of the court to the effect that the accused who appears and pleads not guilty to an alleged traffic or conservation offense should be granted a 'trial on the merits' on the appearance or trial date set. If we were to construe such Rules in the manner contended for by the State, then the Rules would become meaningless, since dismissal for failure of the State to proceed at the time hearing is set, would simply mean that the State could refile the same charge repeatedly and force a defendant to come into court again and again on each occasion when the charge is refiled, until finally the cause is disposed of through trial. This was obviously not the objective of the Rules, and consistent construction requires that we find the defendants who appear and plead not guilty to traffic or conservation offenses referred to are to be granted, effectively, a disposition on the merits on the appearance date if they are ready for trial." 18 Ill. App. 3d 628, 630-32.

■■ The State urges us to construe the phrase "it is the policy of this court" to be directory only, as the court in *Park Forest* construed the phrase "whenever practicable" contained in the preceding sentence of the

statute. We decline to so interpret the term "policy." Webster's Seventh New Collegiate Dictionary 656 (1970) defines policy as "a *definite* course or method of action selected from among alternatives and in light of given conditions to guide and *determine* present and future decisions." (Emphasis added.) Similarly, the court in *Lockheed Aircraft Corp. v. Superior Court* (Cal. App. 1944), 153 P.2d 966, 973, interpreted "policy" to mean a settled or definite course or method adopted and followed by a government, institution, body or individual. It is clear then that the phrase "it is the policy of this court" indicates that a definite, mandatory action, in this instance dismissal, must be taken upon the occurrence of certain events.

■■ Appellant states that the plaintiff city of Belleville could have avoided the problem presented in this cause if it had complied with section 16—106 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 16—106). The record reflects that in arguing this matter before the trial court, the city attorney stated:

> "About the only additional things I might add, and I assume it has already been stated to the Court, and that is [*sic*] has been the policy of this circuit for sometime, and it has been a directive, I know, from the Chief Judge's Office, at least since I have been practicing, that the defendant would not be granted a trial on the appearance date when they appeared and specified in Supreme Court Rule 504, and it was based upon that policy and that understanding that the City of Belleville was not present at the appearance date the same as in the other municipalities, and the same as the State—if the state is not present on the appearance date, and that's about all I have to say."

The record reflects that the city of Belleville complied with neither Supreme Court Rule 504 nor section 16—106 of the Illinois Vehicle Code. Since this is true, it is our opinion that the case should have been dismissed else policies of the supreme court and acts of the State legislature would not prevail over policies of an individual judicial circuit.

Supreme Court Rule 552 as amended, provides:

> "Uniform Citation and Complaint forms and conservation tickets shall be in forms which may, from time to time, be approved by the Conference of Chief Circuit Judges and filed with this court. The uniform forms shall be adapted for use by municipalities." (Ill. Rev. Stat. 1977, ch. 110A, par. 552.)

Pursuant to this rule, the conference has adopted a uniform traffic ticket which is clear and incapable of misconstruction. On the front page of the citation appears the following language in red:

> "*IMPORTANT NOTICE*: The above listed court date is for a hearing on a plea of guilty—the arresting officer will not be

present. *IF YOU PLAN TO PLEAD NOT GUILTY*—you must secure a trial date, by following the instructions appearing on the reverse side of the blue copy of the citation."

On the back of the citation appears the language contained in section 16—106. If all municipalities follow this rule, the ends sought by the supreme court and the legislature will be accomplished.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is reversed.

Reversed.

EBERSPACHER, P. J., concurs.

Mr. JUSTICE JONES, dissenting:

The majority has held that *Village of Park Forest v. Fagan* applies only to the first sentence of Rule 504 a view I deem unduly restrictive of the court's opinion in that case and I accordingly respectfully dissent.

I think it apparent that Rule 504 does not mandate a trial on the assigned date. The statement of policy of the supreme court in that rule should not be elevated to the level of an absolute command. Were the absolute intended it would have been a simple matter to phrase the rule in terms that would express it. In my view the statement of policy is to be interpreted only as an expression of a strong preference that the procedure of Rule 504 be followed. Such interpretation is manifest in the language of the court in the *Fagan* case when they state, after holding the time limitations to be directory: "To comply with the rule, an arresting officer should schedule early appearance dates 'whenever practicable,' notwithstanding the directory construction we hereby give to the rule." 64 Ill. 2d 264, 268.

The reasons for strict compliance with the rule in its entirety are many and readily apparent. Contrawise, the supreme court has, in its choice of phraseology of Rule 504, recognized that reasons may arise that will render a strict compliance with the appearance date provision of the rule impracticable or impossible. In such instances an automatic dismissal would prejudice law enforcement. Any of a number of situations might require the initial appearance trial date to be set over, such as the availability of courtrooms, judges, court reporters and witnesses. Illness of essential participants might intervene, as well as any other of a myriad of unfortuitous circumstances that in the interests of justice would require that a continuance be granted.

In short, by its choice of words in Rule 504 the supreme court has expressed its strong preference that trials on traffic citations be held on the

appearance date, but they have at the same time left ultimate control of their dockets, settings and trials to the trial courts. The majority opinion strips such control from the trial courts and compels a result that will in many instances work an injustice to law enforcement.

Although section 16—106 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 16—106) was in effect at the time of the offense in question, it too must be construed as directory and not mandatory. Nowhere in the statute is a penalty or sanction imposed for its violation.

Worth mentioning is the fact that the Uniform Citation and Complaint is not the only method of prosecuting a traffic violation. Although little used, such prosecutions could be commenced by indictment, information or complaint pursuant to section 111—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—1), and in the case of a violation of a municipal ordinance, by civil complaint to recover the penalty. In cases of prosecution of traffic offenses by these modes, the ususal procedure would pertain and Rules 504 and 505 would be inapplicable. It was so held in *People v. Claeys*, 44 Ill. App. 3d 83, 357 N.E.2d 886.

At the time the ticket in question was issued Rule 505 was directed only to Illinois State Police, not to police officers of municipalities. Accordingly, the directive of the rule regarding the procedure to be followed by an accused to "avoid multiple court appearances" was inapplicable. This is all the more important since Rule 552 expressly provides that the Uniform Citation and Complaint "* * *" shall be adapted for use by municipalities." Moreover, the final sentence of Rule 505 indicates that the supreme court does not consider the requirements of the rule to be an absolute since it provides that any State agency or any unit of local government may apply to the Conference of Chief Judges for exemption from Rule 505. For the reasons discussed herein, the result in this case should be the same even if Rule 505 was applicable.

I would affirm.