THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
BRADLEY H. BELL, Defendant-Appellee.

Second District   No. 78-396

Opinion filed July 27, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (John T. Elsner, III, Assistant State's Attorney, of counsel), for the People.

Thomas M. Newman and Dale W. Bruckner, both of Peregrine, Stime and Newman, Ltd., of Wheaton, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The State appeals from an order of the trial court which dismissed a

renewed criminal complaint for reckless driving (Ill. Rev. Stat. 1975, ch. 95½, par. 11—503), brought against the defendant after an original criminal complaint for the same offense was nol-prossed by the State.

The defendant was originally charged by a criminal complaint, sworn to on December 20, 1977, with having committed the offense of reckless driving on the 19th of December, 1977. The defendant was arrested on January 3, 1978, and was released on a $1000 bond. After various motions, the State's Attorney nol-prossed the original complaint on March 20, 1978. On March 22, 1978, a new complaint for the same offense was sworn out, and the defendant was again arrested on March 22 by an arrest warrant and again was released upon a $1000 bond. On March 27 the defendant thereupon filed a motion to dismiss the complaint on the alleged applicability of the case of *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174. The trial court, relying on *Nelson*, dismissed the complaint on May 15, 1978, and the State has appealed.

Both the defendant and the State in their pleadings herein have argued the applicability of the Supreme Court Rules on trial court proceedings in traffic court and conservation proceedings. (Ill. Rev. Stat. 1977, ch. 110A, pars. 504, 505.) In pertinent part those rules are set forth as follows:

> "Rule 504. Appearance Date    The date set by the arresting officer for an accused's appearance in court shall not be less than 10 days but within 45 days after the date of the arrest, whenever practicable. It is the policy of this court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance.
>
> Rule 505. Notice to Accused    When issuing a Uniform Citation and Complaint, a conservation ticket or a Notice to Appear in lieu of either, in counties other than Cook, the officer shall also issue a written notice to the accused in substantially the following form:
> AVOID MULTIPLE COURT APPEARANCES * * *"

The remainder of Supreme Court Rule 505 then sets forth the procedure to be followed by the accused upon a plea of not guilty or upon a demand for a trial by jury.

We note that the trial court dismissed the renewed criminal complaint, based upon *People v. Nelson*, holding that Supreme Court Rules 504 and 505 were applicable. In *Nelson* the court stated:

> "As indicated, the objective of the Supreme Court Rules was to implement the policy of the court to the effect that the accused who appears and pleads not guilty to an alleged traffic or

conservation offense should be granted a 'trial on the merits' on the appearance or trial date set. If we were to construe such Rules in the manner contended for by the State, then the Rules would become meaningless, since a dismissal for failure of the State to proceed at the time hearing is set, would simply mean that the State could refile the same charge repeatedly and force a defendant to come into court again and again on each occasion when the charge is refiled, until finally the cause is disposed of through trial. This was obviously not the objective of the Rules, * * * As a *caveat*, we specify that this procedure would not be applicable to causes other than those specifically provided for in the Supreme Court Rules, and that the application of this particular construction is limited to traffic and conservation cases as noted in the Rules." (18 Ill. App. 3d 628, 631-32, 310 N.E.2d 174, 178.)

Both the State and the defendant in this cause have misconstrued the applicability of *Nelson*. Additionally, they have labored under the impression that the instant case comes within the purview of Supreme Court Rules 504 and 505. That is not the case before us.

■■■ In *People v. Claeys* (1976), 44 Ill. App. 3d 83, 357 N.E.2d 886, a most similar situation was presented to the appellate court. In that case a defendant was charged with the offense of reckless driving (Ill. Rev. Stat. 1975, ch. 95½, par. 11—503), by a criminal complaint which was signed by a private citizen. The defendant was arrested and served with a copy of the complaint the following day. The court in *Claeys* discussed the applicability of *People v. Nelson*, and pointed out that:

"*Nelson* involved a fact situation squarely within the contemplation of Rule 504, namely, a uniform traffic violation where the police officer is the State's chief witness." (44 Ill. App. 3d 83, 85, 357 N.E.2d 886, 887.)

The only difference between *Claeys* and the case before us is that in *Claeys* a private citizen signed the complaint whereas in this case the complaint was signed by a police officer. Nonetheless, the instant proceeding was commenced by the filing of a criminal complaint, not by the issuance of a traffic citation, which would be within the purview of Supreme Court Rules 504 and 505. The defendant was charged with the offense on the 20th of December and arrested with a criminal warrant on the 3d of January. The Uniform Citation and Complaint is not the only method of prosecuting a traffic violation. Reckless driving can be commenced by an indictment, information or complaint, pursuant to section 111—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—1). In the case of prosecution of traffic offenses by indictment, information or complaint, the usual procedure for a criminal

charge would apply and Rules 504 and 505 would not be applicable. And, that is the situation before us.

■■ The other issue involved, and not argued, by counsel for either the State or the People, is the right of the State to nol-pros and refile a complaint for the same offense. This issue was passed upon in *People v. Watson* (1946), 394 Ill. 177, 68 N.E.2d 265. When nolle prosequi is entered before jeopardy has attached, it does not operate as an acquittal so as to prevent a subsequent prosecution for the same offense but leaves the matter in the same condition as before the prosecution. See also *People v. Garcia* (1972), 7 Ill. App. 3d 742, 288 N.E.2d 637.

A somewhat similar situation was found in *People v. Kenney* (1976), 39 Ill. App. 3d 941, 351 N.E.2d 574. In that case this court considered an appeal which dismissed a renewed charge of reckless driving, as herein, after a prior dismissal for want of prosecution. The trial court in that case dismissed the cause because the State's Attorney failed to appear. We considered *People v. Nelson* in that case and reversed the judgment of the trial court, which denied the State's refiling of the charge.

■■ We therefore find that Supreme Court Rules 504 and 505, applicable to traffic citations, do not apply to a formal written complaint resulting in the arrest of the defendant by a criminal warrant. We therefore reverse the judgment of the trial court and remand the cause for trial, consistent with this opinion.

Reversed and remanded.

SEIDENFELD and NASH, JJ., concur.