THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MARTIN MAHER, Defendant-Appellee.

Second District No. 78-212

Opinion filed October 16, 1979.

Daniel D. Doyle, State's Attorney, of Rockford (Roger T. Russell, Assistant State's Attorney, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson and Elizabeth E. Clarke, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The State appeals from an order entered by the circuit court of Winnebago County dismissing an information filed against defendant Martin Maher. Two issues are presented for review by the parties: (1) whether the State's notice of appeal was timely filed; and (2) whether the trial court ruled correctly in dismissing the information pursuant to Supreme Court Rules 504 and 505 (Ill. Rev. Stat. 1977, ch. 110A, pars. 504, 505). We reverse and remand for further proceedings.

The pertinent facts are as follows. On November 12, 1977, defendant Martin Maher was issued an Illinois uniform traffic citation and complaint by a Rockford police officer. The citation alleged that defendant had committed the offense of driving a motor vehicle while license suspended or revoked in violation of section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 6—303). The arresting officer set November 30, 1977, as the appearance date.

Defendant entered a plea of not guilty to the charge on November 14, 1977. At the same time, he waived his right to be tried by a jury and consented to a trial by the court, which was set for November 29, 1977.

On the hearing date, defendant and his privately retained counsel appeared in open court together with the arresting officer and an assistant state's attorney. Either at a pretrial status call or after the case had been actually called for trial (the parties are in dispute and the record is unclear), the prosecutor moved for a continuance on the ground that the Gold Seal records ordered from the Secretary of State, which would reveal whether or not defendant possessed a valid driver's license on the date of the alleged offense, had not yet arrived. Defendant objected to the continuance on the ground that it was without notice and that defendant was ready to proceed with the trial. The motion was denied. The prosecutor then moved the court to enter a dismissal of the charged offense, which was granted by the court apparently without objection by defendant or his counsel.

On December 7, 1977, the State requested leave to refile the charges in the form of an information, but this motion was denied by the trial court the same day. On December 12, 1977, the State filed a written motion for reconsideration of the December 7 order. This motion recited substantially the same facts as noted above. It also cited authority for the proposition that the refiling of a charge was not barred by the double jeopardy clause or the statutory former prosecution section (section 3—4 of the Criminal Code of 1961, Ill. Rev. Stat. 1977, ch. 38, par. 3—4), where a complaint was dismissed upon motion of the State prior to examination of the jury;[1] apparently the trial court had refused to allow the prosecution to refile the charge on double jeopardy grounds. On December 13, 1977, the motion was denied by the trial court without explanation.

However, on December 30, 1977, the trial court reconsidered its prior rulings and granted the State leave to refile the charge originally contained in the traffic citation in the form of an information, over objection by defendant's counsel. The information (which was filed the same date) alleged that defendant violated section 6—303(a) of the Motor

---

[1] See, e.g., People v. Piatt (1966), 35 Ill. 2d 72, 219 N.E.2d 481; People v. Miller (1966), 35 Ill. 2d 62, 219 N.E.2d 475.

Vehicle Code on December 12, 1977, by operating a motor vehicle while his driver's license was suspended.

On January 5, 1978, defendant filed a motion to dismiss the information with the circuit court. This motion contended, in essence, that further prosecution of the charged offense was barred on statutory double jeopardy grounds (section 3—4 of the Criminal Code of 1961, Ill. Rev. Stat. 1977, ch. 38, par. 3—4). The motion was granted by the court on January 11, 1978, following a brief hearing. The State then filed its notice of appeal from this order on February 13, 1978.

Before addressing the merits of the instant appeal, it is first necessary to determine whether we have jurisdiction to review the judgment order appealed by the State. Defendant has filed a motion to dismiss the appeal (which we previously ordered taken with the case), contending that the State failed to comply with the requirements of Supreme Court Rule 606 (Ill. Rev. Stat. 1977, ch. 110A, par. 606) by failing to file a notice of appeal within 30 days of either the order dismissing the complaint, entered November 29, 1977, or the order denying the motion to reconsider, entered December 13, 1977. Defendant recognizes that the State's notice of appeal was filed within 30 days of the January 11, 1978, order dismissing the information; however, he argues that the trial court immediately lost all jurisdiction over all substantive issues in the case after denying the State's motion to reconsider on December 13, and that it had no authority to allow the State to file an information on December 30, 1977. In essence, defendant contends that the State seeks review of an order the trial court had no power to enter, and that the State should have appealed earlier adverse rulings.

We do not agree. It is apparent to us that the dismissal order entered on November 29, 1977, could not be appealed by the State. The common law record shows that on that date, the cause was dismissed upon motion by an assistant state's attorney. This is in substance the entry of a *nolle prosequi* to the charge contained in the complaint. (See *Sloncen v. People* (1895), 58 Ill. App. 315; 14A Ill. L. & Prac. *Criminal Law* §209 (1968).) The court's order of dismissal simply formalized the *nol pros*, and it could not be appealed by the State because it was not an adverse order as contemplated by Supreme Court Rule 604 (Ill. Rev. Stat. 1977, ch. 110A, par. 604). While the consent and approval of the court is generally required before the state's attorney may enter a *nolle prosequi* to any charge (*People ex rel. Hoyne v. Newcomer* (1918), 284 Ill. 315, 324, 120 N.E. 244, 248; *People v. Placek* (1975), 25 Ill. App. 3d 945, 950, 323 N.E.2d 410, 413), the record does not reveal the presence of any objection by defendant or the court to the prosecutor's motion. If defendant believed he would be prejudiced by the entry of a *nolle prosequi* to the charge, he should have objected to the motion and moved for a dismissal on the

merits. Under such circumstances, a dismissal order would have been clearly adverse to the State, and the State would be required to appeal that order if it wanted to continue to prosecute the case. *Cf. People v. Nelson* (1974), 18 Ill. App. 3d 628, 632, 310 N.E.2d 174, 178.

■■ In our opinion, the first adverse ruling which was appealable by the State occurred on December 7, 1977, when the trial court refused to grant the State leave to refile the charge in an information. The State acknowledges it could have appealed that order or the order denying the motion to reconsider, entered on December 13. However, on December 30, 1977 (within 30 days of both orders), the trial court reversed itself and allowed the State to file an information. We do not agree with defendant's contention that the trial court had no jurisdiction to rule on the merits of the case after denying the State's motion on December 13, 1977. It is well settled that the trial court retains jurisdiction over all matters, whether substantive or procedural, within 30 days of judgment or until a notice of appeal is filed. During the 30-day period following the entry of judgment or following the denial of a timely post-trial motion, the trial court has the power to enter any order necessary for a complete and correct disposition of the case. (*People v. Heil* (1978), 71 Ill. 2d 458, 376 N.E.2d 1002, 1003.) Thus, the trial court had the power to enter the December 30 order permitting the filing of the information, which was dismissed upon defendant's motion on January 11, 1978. The State's notice of appeal was filed within 30 days of this last order, and was thus timely filed. (See *People v. Robins* (1975), 33 Ill. App. 3d 634, 636, 338 N.E.2d 222, 224.) Accordingly, the motion to dismiss the appeal is denied.

We now address the merits of the State's appeal. The State argues that the trial court erred in dismissing the information, contending that the "one appearance" policy of Supreme Court Rule 504 (Ill. Rev. Stat. 1977, ch. 110A, par. 504) bars further prosecution of a traffic offense only where a defendant is not tried on the original appearance date due to the absence of the arresting officer. Defendant, relying upon *City of Belleville v. Watts* (1978), 61 Ill. App. 3d 538, 378 N.E.2d 213, and *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174, argues that the policy expressed in the rule mandates final dismissal of the charges whenever the State is unable to proceed to trial.

Our resolution of the parties' contentions must necessarily begin with an analysis of the rule itself. Supreme Court Rule 504 (Ill. Rev. Stat. 1977, ch. 110A, par. 504) states:

"The date set by the arresting officer for an accused's appearance in court shall be not less than 10 days but within 45 days after the date of the arrest, whenever practicable. It is the policy of this court that an accused who appears and pleads "not guilty" to an alleged traffic or conservation offense should be granted a trial on

the merits on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance."

The reasons for the rule are easily discerned. Most prosecutions for alleged violations of traffic and conservation laws are commenced by a traffic citation issued by a police officer. These offenses, in turn, are usually provable by the testimony of the arresting officer alone. It is a routine procedural matter for the officer to adjust his duty schedule to be present in court on the appearance date. However, this is not often true for a person accused of a traffic offense. Even a single court appearance can be a hardship; multiple court appearances can become an intolerable burden, particularly where the person must travel long distances to the courthouse. (See Ill. Ann. Stat., ch. 110A, par. 504, Committee Comments, at 11 (Smith-Hurd 1976).) Thus, the supreme court has determined that justice is best served by affording the accused a swift hearing on the merits on the first date set by the arresting officer.

Defendant relies primarily upon *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174, the first reported case to construe the provisions of Rule 504. In *Nelson*, the defendants were charged with the offense of drag racing. On the appearance date set by the arresting officer, the prosecution's witnesses failed to appear. The State's motion for a continuance was denied and the motion of defendants to dismiss the case was granted. The State later refiled the charges and the defendants were convicted. On appeal, the court reversed, holding that further prosecution was barred by application of the rule. In so holding, the appellate court stated:

"The obvious policy objective underlying the Illinois Supreme Court Rules 504 and 505 is expressly indicated in the Rules, and its stated purpose is to avoid subjecting accused persons, in traffic and conservation cases, to multiple court appearances, and, as a means to that end, to allow an accused to have a disposition *on the merits* of the charge on the date first set for the trial actually to occur. * * * The objective of the Supreme Court Rules, as expressly stated in Rule 504, is to provide for a disposition 'on the merits'. A mere dismissal of the charges, with the right of the State to reinstate them at some time subsequently, would not be a disposition 'on the merits' within the meaning of Rule 504. Such a disposition would be contrary to the policy expressed in the Supreme Court Rules." (Emphasis in original.) 18 Ill. App. 3d 628, 630, 310 N.E.2d 174, 177.

However, subsequent appellate court decisions have narrowed the scope of *Nelson* and have limited Rule 504 to fact situations clearly within

the language of the rule. In *People v. Kenny* (1976), 39 Ill. App. 3d 941, 351 N.E.2d 574, a reckless driving charge was dismissed by the trial court when the prosecutor arrived in court approximately one-half hour after traffic call had started. The tril court refused to permit the charge to be refiled, and the State appealed. In reversing the decision of the trial court, this court noted that the main prosecution witness, the arresting officer, was present in court and ready to testify, a fact which distinguished the case from *Nelson*. We then concluded that a final dismissal on the merits was " * * * within neither the letter or the spirit of Rule 504," and that to apply the rule to the particular factual situation then presented would not further the policy behind the rule and would do an injustice to the State. *Kenny*, 39 Ill. App. 3d 941, 943, 351 N.E.2d 574, 575-76.

A similar result obtained in *People v. Claeys* (1976), 44 Ill. App. 3d 83, 357 N.E.2d 886. In *Claeys*, the defendant was charged with reckless driving by a criminal complaint, which was signed by a private citizen rather than a police officer. The defendant was arrested the next day by a police officer who wrote the date that the defendant was to appear in court on the back of the complaint. When the defendant, a juvenile, appeared in court on the first date, the trial court appointed the public defender and the arraignment was then continued to a later date. On the continued date for arraignment, the defendant appeared in court and demanded an immediate trial. Neither the State nor the prosecution witnesses appeared at either of the two court appearances. Thereafter, the trial court dismissed the case because of the State's failure to afford the defendant with a trial at his second court date. The appellate court reversed, distinguishing *Nelson* on the ground that the earlier case " * * * involved a fact situation squarely within the contemplation of Rule 504, namely, a uniform traffic violation where the police officer is the State's chief witness." *Claeys*, 44 Ill. App. 3d 83, 85, 357 N.E.2d 886, 887.

■ The preceding discussion suggests two possible reasons for not applying Rule 504 to the facts of this case. First the November 29, 1977, trial date was not the appearance date set by the officer but was apparently set by the court. Rule 504 refers to the appearance date set by the arresting officer. Secondly, the arresting officer was present on the court date; the State was unable to proceed, not because of the absence of the arresting officer, but solely because necessary State records had not yet arrived.

We need not decide this case on the applicability of Rule 504 to dates reset by the court as we find that the rule was clearly not meant to apply to situations like this case where factors beyond the immediate control of the prosecutor and arresting officer are the cause of the delay.

In our opinion, the fact situation present in the case at bar is comparable to that presented in both *Claeys* and *Kelly*, and we

consequently agree with the State's argument that the instant case is not controlled by *Nelson*. The record reflects that, on the date set for trial, the arresting officer was present in court and ready to testify. The assistant state's attorney was diligent in requesting a certified copy of defendant's driving and license records from the Secretary of State's office. Nevertheless, through no fault attributable to the prosecution or the police, these records could not be obtained in time for the trial.

This is not the typical situation to which the policy embodied in the rule, *i.e.*, where a person charged with a traffic offense is not afforded a speedy disposition on the merits because the arresting officer failed to appear in court on the date set on the face of the citation. In the usual traffic offense prosecution, the eyewitness testimony of the arresting officer is sufficient to establish all the elements of the alleged violation and to sustain a conviction. In the case at bar, the offense of driving while license suspended could not be proved without records obtained from another State agency which was not within the control of the prosecutor or the police. The prosecution was diligent in requesting these records, but they were not received by the date set for trial. As a result, we believe the trial court erred in dismissing the information.

We do not read *City of Belleville v. Watts* (1978), 61 Ill. App. 3d 538, 378 N.E.2d 213, as requiring a different result. In *Watts*, the defendant was arrested for an alleged violation of a local traffic ordinance and was issued a citation directing him to appear in court on a date set by the arresting officer. On that date, the defendant appeared in court and pleaded not guilty to the charge. However, neither the prosecuting attorney nor the arresting officer was present and their absence was never explained. Defendant moved to dismiss the charge, but this motion was denied. He was later convicted of the offense and he appealed. The appellate court reversed, holding that the unexplained absence of the arresting officer on the date set upon the face of the citation mandates final dismissal of a traffic charge.

*Watts* merely follows *Nelson*, whose holding we distinguished in *People v. Kenny* (1976), 39 Ill. App. 3d 941, 351 N.E.2d 574. Indeed, its facts are virtually identical to those in the *Nelson* decision. To the question presented in the case at bar, however, *Watts* is inapposite.

For the reasons stated above, the judgment of the Circuit Court of Winnebago County is reversed and the cause remanded.

Reversed and remanded.

WOODWARD and NASH, JJ., concur.