THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROGER E. BROOKBANK, Defendant-Appellee.

Second District   No. 79-134

Opinion filed December 7, 1979.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

John W. Werner, of Oak Brook, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The State appeals from a judgment which dismissed traffic charges against the defendant, Roger E. Brookbank, because of the failure of the arresting officer to appear on a continued trial date. It contends that the defendant waived the provisions of Supreme Court Rule 504 when he demanded a jury trial and later withdrew that demand without complying with Supreme Court Rule 505. Ill. Rev. Stat. 1977, ch. 110A, pars. 504, 505.

Defendant was charged with various Illinois Vehicle Code violations by uniform Illinois citations and complaints and was directed to appear to answer those charges on July 27, 1978. On that date defendant appeared in court with counsel and entered pleas of not guilty to all of the charges and demanded trial by jury. The court set August 4 as the date for trial and transferred the case for jury trial from its branch court to the circuit court in Wheaton. Defendant's counsel appeared in Wheaton on August 4, 1978, withdrew the demand for jury trial, and the trial was set before the court for September 8, 1978.

On September 8 counsel for the defendant advised the court that defendant was prepared for trial. The State requested a continuance

because of the absence of what was alleged as a material witness and because it had "called off" its witnesses. The motion for continuance was denied, whereupon the State moved to *nolle pros.* The motion was granted by the court without objection by the defendant's counsel.

Later, identical charges were filed against the defendant requiring the defendant's appearance for October 3, 1978. On that date the defendant appeared with counsel and filed a motion to dismiss based on Supreme Court Rules 504 and 505 which the court granted. The State filed a motion to reconsider which was denied and resulted in this appeal.

In substance, Supreme Court Rule 504 sets forth the policy that when one appears and pleads not guilty to an alleged traffic offense he should be granted a trial on the merits on the appearance date set by the arresting officer, and advises that except as provided in Rule 505 the arresting officer's failure to appear on the date set shall not normally be considered good cause for a continuance. Supreme Court Rule 505 provides in substance that the defendant must notify the clerk of the court prior to the scheduled appearance date if he intends to plead not guilty or demand trial by jury. On receipt of the notice that the defendant intends to plead not guilty a new appearance date shall be set not less than seven days nor more than 49 days after the original appearance date set by the arresting officers. And if the defendant demands a trial by jury the normal time limits provided in section 103—5 of the Criminal Code are applicable. Ill. Rev. Stat. 1975, ch. 38, par. 103—5.

In question is whether the defendant waived his rights under Supreme Court Rule· 504 when he demanded a jury trial and later withdrew the demand without complying with the provisions of Rule 505. ■■ Stated in another way, the basic issue is whether Rule 504 gives the defendant a continuing right to demand trial at every court appearance and to have the charges dismissed on the merits unless the State can show highly extenuating circumstances as grounds for a continuance, or whether the policy of the rule applies only to the initial appearance date. Defendant did not notify the clerk pursuant to Rule 505 prior to the initial appearance date on July 27, although he did plead not guilty and demand a jury trial. Defendant does not maintain that failure to grant him a trial on the merits on July 27 was error and, of course, could not because he did not comply with Rule 505. (See *People v. Ware* (1976), 41 Ill. App. 3d 902, 905.) Instead he argues that the State's failure to try him on September 8, his third court appearance on the charges, must necessarily result in a dismissal on the merits and preclude any further prosecution on those charges as the trial court held. We cannot agree.

Nothing in the language of Rule 504 indicates that it was intended to have effect beyond the initial appearance date. Its sole purpose appears to be to grant defendants the right to have their cases disposed of on the first

court date, absent unusual circumstances, if they so desire. However, this right has the accompanying responsibility set forth in Rule 505 which requires the defendant to notify the clerk of an intention to plead not guilty or to demand a trial by jury.

*People v. Nelson* (1974), 18 Ill. App. 3d 628, 631, relied upon by the defendant, does not suggest a different result. In *Nelson,* although the Rule 505 notice was filed late, it was filed and was accepted by the court with the result that the date set was held to be the initial appearance as contemplated by Rules 504 and 505. The absence of the arresting officer was found proper grounds for the dismissal under the particular circumstances. Here, of course, defendant at no time filed notice pursuant to Rule 505.

We have consistently refused to extend *Nelson* beyond the particular facts there involved or to expand Rule 504 beyond its express terms and intent. (See *People v. Maher* (1979), 77 Ill. App. 3d 488, 493-94; *People v. Claeys* (1976), 44 Ill. App. 3d 83, 85; *People v. Kenney* (1976), 39 Ill. App. 3d 941, 943.) We also do not adopt the apparent reasoning of the courts in *Nelson* and in *City of Belleville v. Watts* (1978), 61 Ill. App. 3d 538, that the officer's failure to appear is never grounds for a continuance or that the policy of giving defendants a trial on the initial appearance date is mandatory rather than directory. The statement in Rule 504 that nonappearance of the officer is not "normally" grounds for continuance connotes that in abnormal situations, such as the illness of the officer, or some emergency which the court may deem sufficient, a continuance may be granted.

■ The conclusion we have reached disposes of a further contention made by the State that the trial court erred in dismissing the refiled charges after it granted its motion to *nolle pros.* The defendant correctly argues that if he were entitled to a trial on the merits on September 8 the *nolle pros* entered then barred refiling of the charges. (*People v. Nelson* (1974), 18 Ill. App. 3d 628, 632.) However, since we have held that the defendant had lost his Rule 504 rights prior to the September 8 hearing the *nolle pros* entered there clearly does not bar refiling the charges at a later date. *People v. Garcia* (1972), 7 Ill. App. 3d 742, 747; *People v. Bell* (1979), 74 Ill. App. 3d 316.

The judgment is therefore reversed and the cause remanded with directions to vacate the dismissal and to proceed upon the charges filed by the State.

Reversed and remanded with directions.

LINDBERG and NASH, JJ., concur.