THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LEAVEY JOHNSON, JR., Defendant-Appellant.

Third District No. 3—83—0263

Opinion filed March 9, 1984.

Robert Agostinelli and Frank W. Ralph, both of State Appellate De-
fender's Office, of Ottawa, for appellant.

Larry S. Vandersnick, State's Attorney, of Cambridge (John X. Breslin
and John M. Wood, both of State's Attorneys Appellate Service Commission,
of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Leavey Johnson, was arrested and taken into cus-
tody on May 1, 1982, and was charged by information on May 3,
1982. The defendant retained private counsel, Daniel Bonnett, who
represented him until August 6, 1982, when Bonnett's motion to with-
draw as defendant's attorney was granted by the circuit court of
Henry County. The reasons given for withdrawal were that Bonnett
had not been paid and he was having trouble with the defendant. At
the hearing on August 6, 1982, the Henry County Public Defender
was appointed to represent the defendant. Two weeks later, on Au-
gust 20, 1982, two working days before trial was scheduled to com-
mence, the trial court granted the public defender's motion to with-

draw as defendant's attorney because of a conflict of interest in simultaneously representing the defendant's brother who was charged with the same crime. After granting the public defender's motion to withdraw, the trial judge appointed Bonnett as defendant's attorney. In the course of discussing whether Bonnett had time to prepare for the trial three days hence, the public defender mentioned that the defendant wanted a bench trial. The trial judge then asked the defendant whether he wanted a bench trial or a jury trial, to which the defendant replied that he wanted to be tried by a judge. The trial judge proceeded to question the defendant further as to the waiver of his right to jury trial, during the course of which questioning the trial judge asked the public defender, "You are still representing him (referring to defendant) at this point?" to which the public defender replied, "That is true that is what he told me." The trial judge then granted the jury waiver.

On August 23, 1982, Bonnett filed a motion for continuance which the court granted. On the same day Bonnett filed a motion to withdraw the defendant's waiver of jury trial which was denied. On August 30, 1982, the defendant filed another motion to withdraw which was denied. The defendant then filed a motion to dismiss because he had been incarcerated in excess of 120 days without being brought to trial. The motion to dismiss was denied on September 16, 1982.

The defendant raises two issues on appeal. First he argues that the trial court erred in failing to dismiss this case because he was not brought to trial within 120 days through no fault of his own in violation of section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 103—5). Defendant's second assertion is that the trial court erred in not granting defendant's motion to withdraw his jury waiver.

■ We disagree with defendant's first assertion of error. Section 103—5 provides in part:

> "(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***." (Ill. Rev. Stat. 1981, ch. 38, par. 103—5.)

The defense argues that because the trial commenced 139 days after defendant was incarcerated that defendant is entitled to be discharged pursuant to section 103—5. The defendant relies upon the withdrawal of the public defender on August 20 as the sole reason for the continuance which Bonnett requested on August 23, 1982, the day before defendant's jury trial was scheduled to begin. Because the pub-

lic defender withdrew due to a conflict of interest, the defendant argues that the subsequent continuance requested by Bonnett was not attributable to the defendant. We do not agree, largely because this is not a complete reflection of what transpired in this case. The record reflects that Bonnett withdrew initially on August 6 because he had not been paid and the defendant was not cooperating. The public defender had been assigned to this case for only two weeks when he withdrew because of a conflict of interest two working days before the jury trial was to commence. On the same day the defendant's motion to waive a jury was also heard and granted and, therefore, the jury trial scheduled for August 23 could not have taken place. We believe that the rescheduling of the trial which had been set for August 23, 1982, well within the 120-day period, was delay attributable to the defendant because defendant moved to waive a jury two days before the jury trial was to commence. In *People v. Fosdick* (1967), 36 Ill. 2d 524, 224 N.E.2d 242, the Illinois Supreme Court found that rescheduling a trial to accommodate a request for a bench trial the day before a jury trial was to commence was delay occasioned by the defendant and, therefore, the delay caused by the jury waiver and subsequent motion to withdraw his jury waiver was properly attributed to the defendant. Therefore the jury waiver tolled the 120-day period on August 20, and all time between August 20 and September 16 was time attributable to the defendant. No delay which occurred on or after August 20, 1982, was attributable to either the State or the court. We, therefore find that there was no violation of the 120-day provision of section 103—5 and that no violation of defendant's right to a speedy trial occurred.

■ As to the defendant's second allegation of error, he argues that the trial court should have granted his motion to withdraw his jury waiver. We agree. The trial court should not have considered defendant's motion to waive the jury trial immediately after granting the public defender's motion to withdraw. At this point in the proceedings the court had considered but had not appointed Bonnett, and Bonnett was certainly not available to advise the defendant. Far from waiving his right to be represented by counsel, the defendant expressed a desire to have Bonnett appointed to represent him immediately before the judge began discussing waiver. Nor was it proper for the court to question the public defender as to whether he still represented the defendant after allowing the public defender's motion to withdraw. We believe that the defendant had a right to be represented by counsel and that such representation was essential in order for the defendant to knowingly and intelligently waive his right to

jury trial. Therefore, the trial court should have granted defendant's motion to withdraw his jury waiver.

We, therefore, reverse the decision of the circuit court of Henry County and remand this case for a trial by jury.

Reversed and remanded.

SCOTT and HEIPLE, JJ., concur.