THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS McCOY, Defendant-Appellant.

Fifth District No. 5—85—0598

Opinion filed April 8, 1987.

Randy E. Blue and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel) for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Dennis McCoy, was convicted of driving under the influence of intoxicating liquor and driving while license revoked by the circuit court of Jackson County sitting without a jury. On appeal, defendant contends that he was denied his right to a speedy trial because he was not tried within 49 days as provided by Supreme Court Rule 505 (103 Ill. 2d R. 505).

No verbatim transcripts of the trial court proceedings were made; however, the parties have filed an agreed statement of facts. The traffic citations were issued on April 7, 1985, by Paul Freeman and defendant's appearance date was set for May 22, 1985. On May 22, 1985, defendant was advised of his rights and of the possible penalties that could be imposed upon conviction and the public defender was appointed to represent him. On June 13, 1985, defendant pleaded not guilty and waived a jury trial. A bench trial was set for June 27, 1985; however, on June 20, 1985, the State made a motion to continue the bench trial on the basis that a material witness, Trooper Robert Absher, who conducted the breath testing of defendant, would be on vacation from June 21, 1985, until July 9, 1985. On June 21, 1985, the court continued the bench trial to July 17, 1985. On July 16, 1985, defendant filed a motion to quash arrest and suppress evidence. On July 17, 1985, the State asked for a continuance on the basis that a material witness for the State was involved in a jury trial in another county. The cause was continued until August 20, 1985. On August 2, 1985, defendant filed a motion to dismiss for lack of a speedy trial, which the court ordered to be heard on August 20, 1985, along with the motion to quash. On August 20, 1985, counsel for the parties appeared in court, but no witnesses, other than defendant, were present. The record does not state a reason for the absence of wit-

nesses. Defendant's motion for dismissal on speedy trial grounds was denied, and the cause was reset for August 23, 1985. On August 23, 1985, defendant's motion to quash arrest and suppress evidence was denied, and he was convicted of driving under the influence of intoxicating liquor and driving while license revoked.

Supreme Court Rule 505 (103 Ill. 2d R. 505) states, in pertinent part:

> "When issuing a Uniform Citation and Complaint, a conservation ticket or a Notice to Appear in lieu of either, in counties other than Cook, the officer shall also issue a written notice to the accused in substantially the following form:
>
> AVOID MULTIPLE COURT APPEARANCES
>
> If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.
>
> Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. *** If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may, in counties other than Cook, be considered good cause for a continuance. ***"

 In the case at bar, defendant pleaded not guilty on June 13, 1985, and trial was set for June 27, 1985. Where the accused in a traffic case pleads not guilty at his first appearance, but does not demand a jury trial, he is entitled to a hearing on the merits within 7 to 49 days after the first appearance. The express policy of Rules 504 and 505 (87 Ill. 2d Rules 504, 505) is to provide defendant with an early hearing on the merits of his traffic offense and to avoid multiple court appearances, which eliminates undue hardship on the accused, law-enforcement agencies, and the courts. (*People v. Mears* (1980), 84 Ill. App. 3d 265, 270, 405 N.E.2d 443, 447.) However, a continuance may be granted on the State's Attorney's motion if circumstances be-

yond the immediate control of the prosecutor and arresting officer are the cause of the delay. In *People v. Claeys* (1976), 44 Ill. App. 3d 83, 357 N.E.2d 886, this court ruled that the trial court erred in dismissing the cause when a State's witness, a private citizen, did not appear for trial because Rule 504 states that failure of the arresting officer to appear for trial shall not normally be considered good cause for a continuance. In *People v. Maher* (1979), 77 Ill. App. 3d 488, 396 N.E.2d 77, this court ruled that the trial court erred in dismissing a criminal information charging defendant with the offense of driving a motor vehicle while license suspended or revoked when, after diligent efforts by the State's Attorney's office to obtain a certified copy of the defendant's driving and license records from the Secretary of State, those records had not been received by the State's Attorney's office at the time trial was to commence.

In the case at bar, the first continuance was granted on the basis that a witness, other than the arresting officer, was unavailable for trial. We conclude that this circumstance is beyond the control of the prosecutor and the arresting officer. We find that the trial court did not abuse its discretion in granting the continuance.

The State obtained a second continuance based on an allegation that a "material witness" was involved in a trial in another county. It has been held that it was an abuse of discretion to deny a continuance when counsel was involved in another trial which was being conducted at the same time that the trial sought to be continued was set. (*Adcock v. Adcock* (1950), 339 Ill. App. 543, 550-51, 91 N.E.2d 99, 102.) We conclude that the same rule should apply when a witness is to appear in two trials being conducted simultaneously in different counties; therefore, the court did not err in granting the State's second motion for continuance.

Finally, the parties appeared in court, the defendant's dismissal motion was heard and denied. The cause was continued to August 23, 1985, at which time trial was held. The burden is on the State to take the steps necessary to bring about a prompt trial. It is the defendant's burden to show that his right to a speedy trial has been violated, and this burden includes a demonstration that defendant caused no delay, which fact must be affirmatively established by the record. A delay must occur as a direct result of the defendant's action. (*People v. Oakley* (1982), 109 Ill. App. 3d 165, 168-69, 440 N.E.2d 316, 318.) When a defendant files a pretrial motion, he is responsible for the time naturally associated with processing the motion, which includes the time reasonably necessary to allow the State to respond, the time required to schedule and conduct a hearing, and

the time needed to consider and determine the issues raised. (*People v. DeCarlis* (1980), 88 Ill. App. 3d 634, 637-38, 410 N.E.2d 677, 680.) In the case at bar, on July 16, 1985, defendant filed a motion to suppress evidence and to quash arrest. There is no indication that defendant attempted to call these motions for hearing prior to August 23, 1985, the date on which trial was conducted; therefore, defendant is responsible for the time associated with processing the motion. Further, although not stated in the record, this court must assume that witnesses were not present on August 20, 1985, because if defendant's motion to dismiss had been granted there would have been no need for the witnesses to appear. The failure of defendant to object to rescheduling of trial and the failure to renew his motion to dismiss constitutes an implicit agreement for continuance and tolls the running of the speedy trial provisions of Rule 505. (88 Ill. App. 3d 634, 638, 410 N.E.2d 677, 680.) Therefore, defendant was not entitled to discharge for failure to hold trial on August 20, 1985. We further note that 138 days elapsed from the date of arrest to the date of trial, which is not an excessive amount of time under the circumstances of this case.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

KARNS, P.J., and WELCH, J., concur.