THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRY M. HAMILTON, Defendant-Appellant.

Second District No. 2—87—0319

Opinion filed May 4, 1988.

LINDBERG, P.J., specially concurring.

Thomas O. Meyer, of Gilbert, Natale & Meyer, of Rockford, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Martin P. Moltz, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

The defendant, Terry Hamilton, was convicted of driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2)) by the circuit court of Winnebago County. The defendant contends on appeal that his case should have been dismissed because he was not brought to trial within the time constraints of section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b)), which constraints equally apply to traffic defendants, pursuant to Supreme Court Rule 505 (107 Ill. 2d R. 505). We reverse.

The parties have stipulated to the facts, and only a brief review of the procedural history is necessary as a background to the legal issue raised in this appeal. On July 8, 1984, Hamilton was arrested and charged with driving under the influence of intoxicating liquor. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)(2).) His uniform citation and complaint instructed him to appear in court on August 21, 1984, although the stipulation of facts recites July 14, 1984. On August 14, 1984, the defendant's attorney filed an appearance and, on behalf of the defendant, pleaded not guilty and demanded a jury trial. The stipulation of facts states that a motion to dismiss was filed on August 21, 1986, alleging that he was not brought to trial within the 160-day limit prescribed by section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 103—5). This motion was denied on the ground that the defendant did not make an adequate speedy trial demand. After a stipulated bench trial, the defendant was found guilty on October 29, 1986. On March 12, 1987, he was sentenced to 20 days' work release, a $100 fine, and ordered to continue alcohol treatment and counseling. This appeal ensued.

The defendant contends that the trial court erred in denying his motion to dismiss on the basis of an inadequate speedy trial demand. He argues that he made a sufficient speedy trial demand under Supreme Court Rule 505 (107 Ill. 2d R. 505); therefore, his motion to dismiss should have been granted. The State argues that an exception to Rule 505 applies in this case, rendering the defendant's demand inadequate. We disagree with the State and find that Rule 505 does apply in this case.

The version of Supreme Court Rule 505 in effect at the time of the defendant's arrest states:

"When issuing a Uniform Citation and Complaint, a conservation ticket or a Notice to Appear in lieu of either, in counties other than Cook, the officer shall also issue a written notice to the accused in substantially the following form:

AVOID MULTIPLE COURT APPEARANCES

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may

result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance. Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103–5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1983, ch. 38, par. 103–5). If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may, in counties other than Cook, be considered good cause for a continuance. Any State agency or any unit of local government desiring to be exempt from the requirements of this Rule 505 may apply to the Conference of Chief Circuit Judges for an exemption." (107 Ill. 2d R. 505.)

We note that Rule 505 has, since the filing of this appeal, been amended. See 113 Ill. 2d R. 505.

Rule 505 applies in all cases where a uniform citation and complaint is issued, with two exceptions. The "prosecution by complaint" exception states that Rule 505 does not apply when a complaint has been issued in lieu of a traffic ticket (see *People v. Bell* (1979), 74 Ill. App. 3d 316, 318-19) or in conjunction with a traffic ticket (see *People v. Davis* (1982), 104 Ill. App. 3d 120, 123). However, the filing of a criminal complaint does not always render Rule 505 inapplicable. (*Davis*, 104 Ill App. 3d at 123.) The second exception is the "factors beyond the State's control" exception as set forth in *People v. Maher* (1979), 77 Ill. App. 3d 488. This exception recognized that Rule 505 "was clearly not meant to apply to situations *** where factors beyond the immediate control of the prosecutor and arresting officer are the cause of the delay." *Maher*, 77 Ill. App. 3d at 493.

■ In the present case, the State argues that the "prosecution by complaint" exception applies. We disagree. Our examination of the record did not uncover any complaint other than the uniform citation and complaint issued to Hamilton on July 8, 1984. A traffic ticket (uniform citation and complaint) constitutes a complaint to which a defendant may plead. (*People v. Jackson* (1987), 118 Ill. 2d 179, 192; *People v. Pankey* (1983), 94 Ill. 2d 12, 17.) Rule 505 is written in terms of a "Uniform Citation and Complaint." If we adopt the State's reasoning, any uniform citation and complaint would qualify as a complaint under the exception to Rule 505. This interpretation of the

"prosecution by complaint" exception to Rule 505 would nullify the rule. Because our role in construing statutes is to effectuate the intention of the legislature (*People v. Sturlic* (1985), 130 Ill. App. 3d 120, 127), not to defeat it, we conclude that a uniform citation and complaint is not a "complaint" for the purposes of the "prosecution by complaint" exception to Supreme Court Rule 505. Therefore, Rule 505 is applicable to this case.

■ We now turn to the question of whether the defendant made a speedy trial demand under Rule 505. The rule states that if the defendant wishes to plead not guilty or demand a jury trial, he must notify the clerk at least five days (excluding Saturdays, Sundays or holidays) before the date set for his first court appearance. (107 Ill. 2d R. 505.) If the defendant demands a jury trial, then the trial is *to be scheduled* within the time parameters of section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 103—5). (107 Ill. 2d R. 505.) This means that a timely demand for a jury trial pursuant to Rule 505 is a speedy trial demand. *People v. Edgerson* (1987), 160 Ill. App. 3d 382, 384; *People v. Lorah* (1986), 142 Ill. App. 3d 163, 164.

In this case, Hamilton's first court appearance was scheduled to be August 21, 1984. On August 14, 1984, the defendant's attorney filed an appearance. At the same time, on behalf of the defendant, he pleaded not guilty and demanded a jury trial. The matter was then set for September 25, 1984, for arraignment. On September 25 the case was set for the November jury and further was set over to October 19, 1984, for a jury status call. On that date there is a docket entry reflecting a jury waiver, and the record discloses a signed undated jury waiver. Finally, on February 14, 1985, a bench trial was scheduled for March 28, 1985.

■ Section 103—5(b) of the Code of Criminal Procedure of 1963 states:

"Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***." (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(b).)

The defendant demanded trial on August 14, 1984, and his trial was not scheduled to take place until March 28, 1985. This is a time span of over 200 days. While further delays kept the trial from taking place until October 29, 1986, these delays occurred after the original trial date was set. It is clear that even without delays it would have been impossible for the trial to occur within the 160-day limit. In examining the docket sheet, we note no entries between October 19,

1984, and February 14, 1985, when the trial court set the case for bench trial, and there was no indication that the defendant caused a delay. (But see *People v. Fosdick* (1967), 36 Ill. 2d 524, 529-30 (waiver one day before jury trial and at the end of 120-day period considered delay for bench trial which was attributable to the defendant). See also *People v. Johnson* (1984), 122 Ill. App. 3d 636, 637-38 (waiver of jury demand two working days before trial, though well within the 120 days, tolled the statutory period within which the State had to be ready).) Here, however, a period of 184 days elapsed between the date of demand for jury trial on August 14, 1984, until February 14, 1985, when the court set a bench trial date. We deem this period of time not to be attributable to the defendant.

■■ The parties did not address the effect of the jury waiver which was filed on October 19, 1984. We choose to do so. This matter is governed by Rule 505 (107 Ill. 2d R. 505); consequently the demand for jury trial triggers a demand for trial and is governed by section 103—5 (Ill. Rev. Stat. 1985, ch. 38, par. 103—5). However, we do not believe that a waiver of the jury demand necessarily waives a demand for trial. To so hold could lay a trap for the unwary and would not be compatible with the liberal construction to be afforded section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 103—5). (*Fosdick*, 36 Ill. 2d at 528.) We hold that the case should have been dismissed on speedy trial grounds.

For the foregoing reasons, the judgment of the circuit court of Winnebago County is reversed.

Reversed.

DUNN, J., concurs.

PRESIDING JUSTICE LINDBERG, specially concurring:

I agree with the majority's reversal on speedy trial grounds. However, I analyze the issue differently, and so I specially concur.

Supreme Court Rule 504 provides an arresting officer will set an original appearance date for a defendant between 14 and 49 days after the date of arrest "whenever practicable." (87 Ill. 2d R. 504.) Supreme Court Rule 505 is a speedy trial provision. (87 Ill. 2d R. 505.) If the defendant pleads not guilty but does not make a jury demand, a new appearance date must be set between 7 and 49 days after the original appearance date. Thus, in most instances a bench trial would be held 98 days or less after an arrest. Only when a defendant demands a jury trial does Rule 505 incorporate any part of the statute

on speedy trials. (Ill. Rev. Stat. 1983, ch. 38, par. 103—5.) However, even then it only incorporates a limited part of that statute, providing:

> "If the accused demands a trial by jury, the trial shall be scheduled within the time prescribed by section 103—5 of the Code of Criminal Procedure of 1963 * * *." (87 Ill. 2d R. 505.)

I believe that when a defendant withdraws a jury demand this provision is no longer applicable, and so section 103—5's time provisions are no longer controlling.

This does not mean that there is no limitation on when a defendant should be tried. In order to give effect to the intent of Rule 505 to provide a defendant with a speedy trial, and to be fair to both the State and defendants, I would hold that when a defendant withdraws a jury demand he is responsible for delay during the period his withdrawn jury demand was in effect. Therefore, the other time limitations of Rule 505 (*i.e.*, setting a new appearance date 14 to 49 days after the original appearance date) are tolled during that period. However, when the jury demand is withdrawn, the tolling of the bench-trial time limits ends. Therefore, I conclude that defendant was required to be tried not more than 49 days after defendant withdrew his jury demand on October 19, 1984. This not having occurred, the case should have been dismissed for violation of the speedy trial provision of Supreme Court Rule 505.