THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
KEVIN J. BERG, Defendant-Appellant.

Third District   No. 3—88—0265

Opinion filed April 27, 1989.

HEIPLE, J., dissenting.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

James T. Teros, State's Attorney, of Rock Island (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Kevin J. Berg, appeals from his conviction for driving while license revoked. He argues that the State was improperly granted a continuance, that he was not given a speedy trial, and that an exhibit was improperly entered into evidence against him. We hold that the trial judge improperly granted the State a continuance and reverse the conviction.

On October 4, 1987, the defendant was charged by uniform citation and complaint with driving while license revoked. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a).) The complaint set an appearance date

of November 2, 1987. The defendant appeared in court on that date, pleaded not guilty, and demanded a jury trial. On November 23, 1987, the case was scheduled for a pretrial conference on December 9 and for trial on December 16. On December 9, 1987, the defendant withdrew his jury demand.

The case was called for trial on January 28, 1988. The State moved for a continuance because the arresting officer was unavailable. Over the objection of defense counsel, the trial judge granted the continuance. On March 17, 1988, the defendant was tried and convicted of driving while license revoked.

■ The defendant argues that the trial judge improperly granted the State a continuance. He notes that under Supreme Court Rule 504, an accused who pleads not guilty to a traffic offense should be granted a trial on the merits on his appearance date. (107 Ill. 2d R. 504; *People v. Nelson* (1974), 18 Ill. App. 3d 628, 310 N.E.2d 174.) The rule further states that an officer's failure to appear on the appearance date shall normally not be considered good cause for a continuance. (107 Ill. 2d R. 504.) The purpose of the rule is to provide a traffic defendant with an early trial on the merits and to avoid multiple court appearances. *People v. Mears* (1980), 84 Ill. App. 3d 265, 405 N.E.2d 443.

The State's sole argument in response is that the defendant failed to meet his burden of providing a complete trial record. The State notes that a continuance could have been properly granted if circumstances beyond the control of the prosecutor or arresting officer resulted in the officer's unavailability. (*People v. McCoy* (1987), 155 Ill. App. 3d 725, 508 N.E.2d 739.) The report of proceedings prepared by the defendant states that a continuance was granted because the arresting officer was unavailable but provides no other information. The State argues that the record is insufficient because it does not reveal what happened at the hearing or any reasons for the officer's unavailability.

■ We do not agree with the State. There is no suggestion in the record that the defendant excluded relevant testimony from the report of proceedings. Furthermore, if there had been evidence justifying the officer's absence from trial, the State could have proposed an amendment to the report of proceedings or filed its own report for certification by the trial judge. (107 Ill. 2d Rules 323(c), 612.) Since the State did not do so, and since the record is sufficient to rule on this issue, we find that the defendant was entitled to a trial on the merits on his January 28, 1988, appearance date. Since he did not receive one, the proper remedy was dismissal of the cause without leave

to reinstate. See *People v. Nelson*, 18 Ill. App. 3d at 631.

Because of our decision, we find it unnecessary to discuss the other issues raised by the defendant.

The judgment of the circuit court of Rock Island County is reversed, and the defendant's conviction of driving while license revoked is vacated.

*Reversed and judgment vacated.*

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:

In the present action, the defendant's case was set for trial on January 28, 1988, at which time the State moved for a continuance due to the unavailability of the arresting officer. The motion to continue was granted over the defendant's objection, and the defendant was eventually tried and convicted of driving while license revoked. The majority finds that the trial judge improperly granted the State a continuance and reverses the conviction. I find that Supreme Court Rule 504 provides the trial court with the discretion to grant continuances in such situations. Furthermore, since the record in the instant case is incomplete, the reviewing court is obliged to presume that the trial court acted correctly.

Supreme Court Rule 504 (107 Ill. 2d R. 504) states that an arresting officer's failure to appear on the trial date "shall not normally be considered good cause for a continuance." This rule contemplates that the trial court may properly grant such continuances in certain situations. In other words, an arresting officer's unavailability *could be* proper grounds for a continuance.

The only reference to the motion for continuance that is part of the record on appeal is the following report filed by the defendant:

> "On January 28, 1988, the matter was called for trial. The People made a Motion to Continue due to the unavailability of the officer; which Motion to Continue was granted over objection of the defendant."

There is no verbatim transcript of what transpired at the January 28, 1988, hearing, and the record is silent as to the reason for the officer's unavailability. If an officer's unavailability is caused by circumstances beyond his control, a continuance may be granted on the State's Attorney's motion. *People v. McCoy* (1987), 155 Ill. App. 3d 725.

It is well settled that the defendant is responsible for providing a

record which shows the errors complained. (*People v. Smith* (1969), 42 Ill. 2d 479.) Moreover, where the record is incomplete, or is silent, the reviewing court will invoke the presumption that the trial court acted correctly. (*People v. Hamilton* (1978), 64 Ill. App. 3d 276.) Since this court is faced with possibility that the trial court was justified in granting the continuance and the record does not explain further, this court must presume that the trial court properly used its discretion. Accordingly, I dissent.