THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES C. HARLIN, Defendant-Appellant.

Fourth District    No. 4—89—0985

Opinion filed August 16, 1990.

STEIGMANN, J., specially concurring.

Paul L. Stone, of Stone & Stone Law Offices, of Sullivan, for appellant.

Richard L. Broch, State's Attorney, of Tuscola (Kenneth R. Boyle and
Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Of-
fice, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:
Following a bench trial, defendant James C. Harlin was found
guilty of driving while under the influence of alcohol (DUI) and sen-
tenced to 12 months' probation. On appeal, defendant argues the
State failed to try him within 120 days of his jury demand (Ill. Rev.
Stat. 1987, ch. 38, par. 103—5), or within 49 days of his jury waiver

under Supreme Court Rule 505 (113 Ill. 2d R. 505) and, therefore, his conviction must be reversed. We affirm.

On April 1, 1989, defendant was arrested and charged by uniform traffic citation with DUI. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2).) Defendant was released on bond and given a court appearance date of May 2, 1989. On May 2, the cause was continued to May 16, 1989, due to defendant's hospitalization. On May 16, defendant appeared, pleaded not guilty, and requested a jury trial. The cause was allotted for jury trial on July 24, 1989.

On July 5, 1989, defendant waived his right to a jury trial and the cause was allotted for a bench trial on August 29, 1989. On August 25, 1989, defendant filed a motion to dismiss the charge against him alleging the State failed to bring him to trial as required by Supreme Court Rule 505. 113 Ill. 2d R. 505.

On September 25, 1989, by memorandum opinion, the trial court denied defendant's motion to dismiss. On the same day, defendant was found guilty of DUI. Defendant was sentenced to 12 months' probation and ordered to perform 40 hours of public service in the first six months.

Defendant contends the State had to try him within 120 days of his arrest on April 1, 1989, plus 14 days for his delay from May 2 to May 16, or 49 days from his waiver of a jury trial on July 5, 1989. Defendant further argues Rule 505 dictates that a defendant be tried within 120 days of his arrest without the requirement of a written demand for speedy trial pursuant to section 103—5 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 103—5).

The State argues that since defendant waived his right to a jury trial, the 120-day period in Rule 505 no longer controls. Further, relying on this court's decision in *People v. Honnold* (1989), 191 Ill. App. 3d 340, 547 N.E.2d 755, the State argues the 49-day period in Rule 505 for commencement of a bench trial is not binding on the court. Thus, a trial commenced after this period is not violative of a defendant's rights pursuant to Rule 505.

The trial judge reasoned that the express language of Rule 505 requires only that a defendant's trial be *scheduled* within 120 days of his arrest, not actually conducted. Further, the trial judge stated the 120-day period is not equivalent to "speedy trial" because a written demand under section 103—5 of the Code is required to invoke the speedy-trial provision.

The parties agree that since defendant's arrest was in April 1989, the following version of Supreme Court Rule 505 is applicable:

"When issuing a Uniform Citation and Complaint, a conservation complaint or a Notice to Appear in lieu of either, in counties other than Cook, the officer shall also issue a written notice to the accused in substantially the following form:

AVOID MULTIPLE COURT APPEARANCES

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.

Upon timely receipt of notice that the accused intends to plead 'not guilty,' the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused demands a trial by jury, the trial shall be scheduled within 120 days of arrest. The proper prosecuting attorney shall be served with any separate written demand for speedy trial under section 103—5 of the Code of Criminal Procedure of 1963, as amended (Ill. Rev. Stat. 1985, ch. 38, par. 103—5)." 113 Ill. 2d R. 505 (eff. Aug. 1, 1987).

Supreme Court Rules 504 (113 Ill. 2d R. 504) and 505 were set up primarily for the benefit of defendants to eliminate the necessity of multiple appearances with respect to traffic charges.

Supreme Court Rule 505 gives a defendant at least three options:

(1) If the defendant enters a plea of not guilty, the clerk sets a new appearance date of not less than 7 days nor more than 49 days after the original appearance date set by the officer.

(2) The defendant can demand a trial by jury, and in this instance, the trial shall be scheduled within 120 days of arrest.

(3) The defendant can make a demand for speedy trial under section 103—5 of the Code.

In pleading not guilty, the defendant has options. He could, when filing a plea of not guilty, not request a jury trial but file a separate written demand for speedy trial under section 103—5. He could file a plea of not guilty; demand a trial by jury, the trial to be scheduled

within 120 days of arrest; and also file a written demand for speedy trial under section 103—5.

■■ In *People v. Rideout* (1990), 193 Ill. App. 3d 884, 550 N.E.2d 632, this court stated that where a defendant demands a jury trial pursuant to Rule 505, trial must be had within 120 days of the date of arrest. Further, we said a written demand for speedy trial need not be filed where a defendant demands a jury trial under Rule 505. Accordingly, we find error in the trial judge's reasoning in this case that a written demand for speedy trial was required. However, our conclusion on this issue does not address the other questions presented by this appeal: whether the 120-day period in Rule 505 still applies, despite the withdrawal of the jury demand, and whether the 49-day period begins from the time of the withdrawal and is binding on the court.

The record shows the defendant was specifically informed he could avoid multiple court appearances by completing the back of the citation. However, the record does not show the defendant completed the back of the citation form. Further, defendant's case was continued from the original appearance date, May 2, 1989, to May 16, 1989, because of defendant's hospitalization. Because defendant appeared on May 16, 1989, with counsel, entered a plea of not guilty and asked for jury trial, he argues Rule 505 applies.

■■ Should Rule 505 apply where defendant did not follow the procedures set forth on the citation issued? The special concurrence states that Supreme Court Rule 505 does not apply to the sequence of events occurring here and has no application to proceedings conducted in open court with a judge presiding. There is certainly merit to this statement. However, if applied to all cases where defendant is before the judge, Supreme Court Rule 505 would be changed by this court. The reason being, the rule requires the clerk to set a new appearance date (before the judge) in all cases when the accused notifies the clerk he intends to plead "not guilty." The accused, complying with the appearance date notice "before the judge," does not thereby lose all benefits of the rule. Because neither party questions the applicability of Rule 505, we address the defendant's contentions.

Defendant relies on *People v. Hamilton* (1988), 169 Ill. App. 3d 105, 523 N.E.2d 204, wherein the Second District Appellate Court held that a waiver of jury demand does not waive demand for speedy trial. There, the defendant was charged by uniform citation with DUI. Defendant requested a jury trial before his first court appearance, but withdrew the demand two months later and before a date for a jury trial was set. Rule 505, as in effect at the time of defend-

ant's arrest in *Hamilton,* recited that if a defendant demands a jury trial, "the trial is *to be scheduled* within the time parameters of section 103—5 ***. (107 Ill. 2d R. 505.)" (Emphasis in original.) (*Hamilton,* 169 Ill. App. 3d at 109, 523 N.E.2d at 207.) The defendant in *Hamilton* was not tried until more than six months after his arrest. Because the defendant was not tried within 160 days of his jury demand, the court held the case should have been dismissed.

Defendant's reliance on *Hamilton* is misplaced. First, we note that Rule 505 has been amended twice since the *Hamilton* case was decided and the rule no longer incorporates section 103—5 for computation of the time period within which a jury trial must be scheduled. Further, we disagree with the *Hamilton* court's analysis. In the present case, if the defendant's argument—that the 120-day period continues to run despite a jury waiver—were adopted, it would allow defendants in traffic cases to execute a jury demand to activate the 120-day time period, but would not allow the State or the court system any additional time to reschedule a trial after the jury demand is withdrawn. Such a result is not contemplated by Rule 505.

■ As to defendant's alternative argument that after the waiver was filed, the State had to try him within 49 days, our decision in *Honnold* is controlling. There, we said the 49-day period in Rule 505 was not an absolute deadline for setting a bench trial, but rather refers to a ministerial task intended to speed up the proceedings. In *Honnold,* the defendant timely requested a bench trial before his first scheduled court appearance. The bench trial was scheduled within the 49 days, but not held until more than 49 days later. We determined the defendant was not entitled to a discharge. The reasoning of *Honnold* is equally applicable here. Further, the purpose of Rule 505— avoidance of multiple court appearances—would not be served by allowing a defendant to file a plea of not guilty, demand a jury trial, waive the jury demand at a later date, and then be able to ask the court to comply with the 7- to 49-day rule.

When, as here, a defendant abandons his jury demand, the purposes of Rule 505 which benefit the defendant are not abused by not applying the 7- to 49-day protections. The protections against multiple appearances have been waived by the defendant by his own actions.

As stated, the protections for early resolution of traffic citations give a defendant options when a jury trial is requested, and distinct from those available when it is not requested. The purpose of the rule is fulfilled when a defendant requests jury trial. When later waived by the defendant, the 7- to 49-day limitation does not apply.

For the foregoing reasons, the defendant's conviction and sentence for DUI are affirmed.

Affirmed.

GREEN, J., concurs.

JUSTICE STEIGMANN, specially concurring:
While I agree with the result reached by the majority opinion, I do not agree with the reasoning used to reach that result. For the reasons that follow, I agree with the State's argument that this court's decision in *Honnold* means that Rule 505 is not binding upon a trial judge before whom a defendant appears.

Supreme Court Rule 504 (107 Ill. 2d R. 504) directs that whenever practicable, an arresting officer shall set a date for an accused's appearance in court not less than 14 days but within 49 days after the date of his arrest. If an accused intends to plead not guilty to the charge, Supreme Court Rule 505 (107 Ill. 2d R. 505) directs him to notify the circuit clerk of that intent at least five days prior to the said appearance date selected by the officer. Then, upon timely receipt of notice that the accused intends to plead not guilty, the circuit clerk is directed by Rule 505 to set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer and to notify all parties of the new date and time for appearance.

In this case, the ticket was issued on April 1, 1989, with the defendant's first court appearance set for May 2, 1989. By selecting that date, the arresting officer discharged his obligation under Supreme Court Rule 504.

Because defendant was hospitalized, his appearance date was continued until May 16, 1989, at which time defendant appeared with his attorney, entered a plea of not guilty, and asked for a jury trial. The case was allotted for a July 24 jury trial, but on July 5, 1989, defendant waived it. The judge set the case for a bench trial on August 29, 1989. On August 25, 1989, defendant filed a motion to dismiss on the basis that he had not been tried within the time required by Rule 505.

In my judgment, the short answer to defendant's claim that this sequence of events violated Supreme Court Rule 505 is that Supreme Court Rule 505 has no application to proceedings conducted in open court with a judge presiding; instead, it applies only to actions taken either by the arresting officer or by the circuit clerk. The reason why

this is so is obvious: Supreme Court Rule 505 provides the *only* exception to the rule that judges set their own docket. Because of the nature and volume of traffic charges, the supreme court has provided in Rule .505 for a procedure through which traffic court matters can be expeditiously docketed without the intervention of a judge. In doing so, the supreme court has understandably given rather specific directions to the nonjudicial officers involved in the process, namely, the arresting officer and the circuit clerk. A careful reading of the rule reveals that nowhere does it contain any directions to a court or to a judge of that court. All of its directory language is addressed to the arresting officer or to the circuit clerk. Accordingly, once the defendant appears in open court, as in this case, to have the matter allotted by a judge for further proceedings, both the reasons for the rule and its applicability disappear.

The omission from Supreme Court Rule 505 of any directory language addressed to the court is no mere oversight. Throughout the supreme court rules, particularly article IV concerning rules on criminal proceedings in the trial court, the supreme court has demonstrated that when it wishes to direct the court to take certain action, it is perfectly capable of doing so. The argument that Supreme Court Rule 505 applies to judicial officers as well as to the circuit clerk or the arresting officer suggests that the supreme court is somehow unable to tell the difference between these categories.

Comparison of Supreme Court Rule 505 and section 103—5 of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 103—5) further supports my argument. Section 103—5 directs in straightforward fashion that every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant or unless certain other circumstances are present. That statute contains no directions concerning whose obligation it is to see that this goal shall be achieved; it simply provides that if it is not achieved, the defendant is to be discharged. If the supreme court intended to provide a similar sort of speedy trial rule with regard to traffic offenses, it could have done so by copying (at least in part) section 103—5. That section was part of the original Code of Criminal Procedure of 1963, approved August 14, 1963. (Ill. Rev. Stat. 1965, ch. 38, par. 103—5.) Supreme Court Rule 505 was not promulgated until 1968.

In my judgment, the provisions of Rule 505 have no applicability once a judge presides over a proceeding in which the traffic case gets allotted or reallotted for any hearing of whatever nature. To

hold otherwise is to strip the judges of our highest volume courts of the discretion they need to manage their burdensome dockets. Also, to hold otherwise gives a great and unjustified boost to practitioners of the "sporting" theory of criminal justice who, as in this case, hope to catch a rookie prosecutor or a busy trial judge overlooking a meaningless technicality, thereby requiring dismissal.

To the extent that *Rideout* or the other cases discussed in the majority opinion are inconsistent with this view, I believe they should either be overruled (*Rideout*) or not followed.